UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBORA JOST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case no. 4:08cv0564 TCM |
| | ) |
| HOME SECURITY OF | ) |
| AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This employment action is before the Court[1] on the opposed motion of Defendant, Home Security of America, Inc. ("HSA"), to dismiss Count I of Plaintiff Debora Jost's four-count complaint for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(b)(1)

## Background

The facts relevant to a resolution of the motion are not disputed.

Plaintiff was employed by HSA as a sales representative from December 1, 2005, until her discharge on May 3, 2007. Shortly thereafter, she filed a Charge of Discrimination jointly with the Missouri Commission on Human Rights and the Equal Employment Commission. In the section titled "Cause of Discrimination Based On (Check appropriate boxes)," Plaintiff marked two of the ten boxes. These two are "Sex" and "Age." Among the eight not marked is one labeled "Disability." The narrative of her Charge reads, in relevant part: " . . . I was discharged. The stated reason was due to an abuse of time off. I had

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

continued medical problems after a surgical procedure. I was replaced by a younger male employee. I believe that I was discharged based on my sex, female, and due to my age, 45." (Pl. Ex. A.) Asked in a questionnaire about why she believed she was discharged, Plaintiff explained that she was told she was doing a great job, but was then discharged after she had to have a hysterectomy, a surgical procedure only undergone by women. (Id. at [4].) She was replaced by a younger man. (Id.)

Plaintiff alleges in Count I of her first amended complaint that she was discharged because of her disability, in violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101-12213; in Count II that she was discharged because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) to 2000e(17); in Count III that she was discharged because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621-634 ("ADEA"): and, in Count IV, that she was discharged in breach of her contract with HSA. In support of her ADA claim, Plaintiff alleges that, in an effort "to accommodate her employer's repeated requests to continue working," she tried to return too soon to work after undergoing a hysterectomy, she became ill and was again hospitalized, HSA failed to make reasonable accommodations for her disability, and HSA fired her. (Compl. ¶¶ 10-11.) In an introductory paragraph, she alleges that she either stated in her Charge that HSA engaged in the outlined discriminatory acts or that the allegations in her amended complaint "will have arisen from the investigation of [her] charges of discrimination." (Id. ¶ 5.)

HSA disagrees, and moves to dismiss the ADA claim in Count I on the grounds that Plaintiff did not include it in her Charge and, therefore, has not exhausted her administrative

remedies on that claim. Plaintiff counters that an investigation of her ADA claim would reasonably arise from the allegations in her Charge because they concern HSA's failure to accommodate her medical needs.

## Discussion

As noted above, HSA moves to dismiss Plaintiff's ADA claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that she has failed to exhaust the necessary administrative remedies on that claim. See e.g. **Patrick v. Henderson**, 255 F.3d 914, 915 (8th Cir. 2001). On such a motion, the party claiming jurisdiction has the burden of proving subject matter jurisdiction by a preponderance of the evidence. See **OnePoint Solutions, LLC v. Borchert**, 486 F.3d 342, 347 (8th Cir. 2007). "A district court has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)." **Harris v. P.A.M. Transp., Inc.**, 339 F.3d 635, 637 n.4 (8th Cir. 2003).

"There is a 'long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" **Id.** at 638 (quoting Myers v. Bethlehem Shipbuilding Co., 303 U.S. 41, 50-51 (1938)). In the case of claims under the ADA, this requires the filing of charge of discrimination setting forth the date, place, and circumstances of the alleged unlawful employment practice. 42 U.S.C. § 12117(a) (incorporating by reference 42 U.S.C. § 2000e-5(e)(1) outlining requirements for charge).

"The permissible scope of a[] [discrimination] lawsuit is not confined to the specific allegations in the charge; rather, it may extend to any discrimination like or related to the

substance of the allegations in the charge and which reasonably can be expected to grow out of the investigation triggered by the charge." **EEOC v. Delight Wholesale Co.**, 973 F.2d 664, 668 (8th Cir. 1992); accord **Duncan v. Delta Consol. Indus., Inc.**, 371 F.3d 1020, 1025 (8th Cir. 2004); **Kells v. Sinclair Buick-GMC Truck, Inc.**, 210 F.3d 827, 836 (8th Cir. 2000). In determining whether a discriminatory act falls within this permissible scope, the charge must be liberally construed. See **Dorsey v. Pinnacle Automation Co.**, 278 F.3d 830, 838 (8th Cir. 2002). "[T]here is a difference[, however,] between liberally reading a claim which lacks specificity and inventing a claim which simply was not made." **Shannon v. Ford Motor Co.**, 72 F.3d 678, 685 (8th Cir. 1996) (citations omitted).

"A party seeking relief under the ADA must establish by a preponderance of the evidence that [s]he (1) is disabled within the meaning of the act; (2) is qualified to perform the essential functions of h[er] job with or without a reasonable accommodation; and (3) was terminated because of h[er] disability." **Webner v. Titan Distrib., Inc.**, 267 F.3d 828, 833 (8th Cir. 2001). Plaintiff equates undergoing a hysterectomy with a disability. "The ADA defines a disability as: '(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" **Id.** (quoting 42 U.S.C. § 12102(2)), now numbered as § 12102(a)(1)). "Under the ADA, a temporary impairment with little or no long-term impact does not constitute a disability." **Pittari v. American Eagle Airlines, Inc.**, 468 F.3d 1056, 1063 (8th Cir. 2006) (citing 29 C.F.R. § 1630.2(j)(2)(ii)-(iii)). "Rather, '[t]he impairment's impact must . . . be permanent or long term.'" **Id.** (quoting Toyota Motor

Mfg., Ky. Inc. v. Williams, 534 U.S. 184, 198 (2002)). Although the Court does not doubt the seriousness of the procedure undergone by Plaintiff, the procedure itself does not suggest a permanent or long term impact, nor does the narrative in her Charge.

In her response to the pending motion, Plaintiff notes that HSA twice made references to trying to accommodate her medical condition. See 42 U.S.C. § 12112(b)(5)(A) (imposing affirmative duty on employers to make "reasonable accommodations to the known physical or mental limitations" of their employees). This, she argues, would reasonably have led to an investigation of her ADA claim. Her argument is unavailing.

"Accommodation" has meanings apart from the ADA context. One dictionary defines "accommodation" as "[t]he action of accommodating, or process of being accommodated; of fitting, adapting, adjusting, suiting; adaptation, adjustment." Oxford English Dictionary, http://dictionary.oed.com/cgi/entry/50001294 (last visited Feb. 9, 2009). It is consistent with this definition that Plaintiff uses the word "accommodate" in her amended complaint when describing her early return to work in response to HSA's requests. (Compl. ¶ 11.) It is consistent with this definition that HSA described its responses to Plaintiff's need for additional medical leave. See Plaintiff's Exhibits C at 1 ("[T]he leave you have enjoyed to date has been based on our attempts to be as accommodating as possible to your needs.") and D at 2 (referring to "abuse of HSA's accommodations" in position statement in response to Charge). Consequently, the Court declines to give "accommodations" such a narrow definition that its use by HSA reflects notice of Plaintiff's ADA claim.

Clearly, Plaintiff's Charge of Discrimination would reasonably have led to an investigation of two claims, discrimination on the basis of sex and age. There is nothing to

suggest that an investigation of those two charges would have reasonably led to an investigation of Plaintiff's ADA claim that HSA failed to make a reasonable accommodation for her disability and instead terminated her employment because of that disability. See **Carlisle v. St. Charles School Dist.**, 507 F.Supp.2d 1018, 1028 (E.D. Mo. 2007) (finding that plaintiff had failed to exhaust administrative remedies on claim of sex discrimination when he did not check box marked "SEX" and did not mention anything about sex in his factual description of particulars of alleged discrimination, but did specifically state that he believed he was discriminated against because of his age and race); **Habib-Stevens v. Trans States Airlines, Inc.**, 229 F.Supp.2d 945, 946 (E.D. Mo. 2002) (dismissing ADA claim for failure to exhaust administrative remedies in case in which plaintiff marked six causes of discrimination, but did not mark box for "other" – there was no box for "disability" – and stated in narrative that she was allegedly terminated because she was physically unable to perform job, but she believed true reason was national origin, color, sex, and religion). Moreover, cases in which claims not specifically marked in a charge of discrimination have been found to be included in the scope of the investigation triggered by that charge involve closely related factual allegations and legal claims. See e.g. **Simmons v. New Public School Dist. No. Eight**, 251 F.3d 1210, 1216 (8th Cir. 2001) (investigation of EEOC charge alleging plaintiff was not paid equally to current employee would reasonably have included issue of pay of subsequently hired employees); **Nichols v. Am. Nat'l Ins. Co.**, 154 F.3d 875, 887 (8th Cir. 1998) (allegations that supervisor tried to sexually assault plaintiff fit within category of allegations presented in EEOC charge that plaintiff was sexually harassed by

supervisor, among others). Plaintiff's ADA claim is not so closely related to her Title VII and ADEA claims.

## Conclusion

Plaintiff failed to exhaust her necessary administrative remedies on the ADA claim in Count I of her amended complaint. Consequently, this Court lacks subject matter jurisdiction over that Court.

**IT IS HEREBY ORDERED** that the motion of Home Security of America, Inc., to dismiss Count I for lack of subject matter jurisdiction is **GRANTED**. [Doc. 30]

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of February, 2009.